CAUSE NO. ____________

| | | |
|---|---|---|
| GLORIA ESPINOZA<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | BEXAR COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC.<br>Defendant | §<br>§ | ______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GLORIA ESPINOZA (herein after referred to as Plaintiff), files this Original Petition against Defendant, HOME DEPOT U.S.A., INC. (herein after referred to as Defendant Home Depot) and alleges as follows:

**I.**
**DISCOVERY PLAN LEVEL 3**

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4. Plaintiff will seek a Court Order with discovery control plan shortly after Defendant files its Answer.

**II.**
**CLAIM FOR RELIEF**

Plaintiff seeks monetary relief in excess of $1,000,000. Plaintiff has sustained a serious brain injury, along with neck and back injuries as a result of the incident. The extent of Plaintiff's injuries is not fully known. Thus, Plaintiff reserves the right to modify this amount as the circumstances warrant.

**III.**
**PARTIES**

Plaintiff is an individual residing in San Antonio, Bexar County, Texas. The last three



**EXHIBIT A-2**

Copy from re:SearchTX

digits of Plaintiff's driver's license are 528 and the last three digits of Plaintiff's Social Security number are 833.

Defendant Home Depot is a foreign for-profit corporation authorized to do business in Texas and may be served by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218, or wherever it may be found in any manner authorized by the Texas Rules of Civil Procedure. Service of process is requested by private process as authorized by this Court.

**IV.**
**JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Defendant Home Depot does business in the State of Texas.

**V.**
**VENUE**

Venue is proper in Bexar County, Texas, because the incident that forms the basis of this lawsuit occurred in Bexar County, Texas and Defendant Home Depot does business in Bexar County, Texas.

**VI.**
**FACTS**

This is a non-subscriber/employer negligence case. On or about April 20, 2023, Plaintiff, who is an employee of Defendant Home Depot, was working in the course and scope of her employment with Defendant at its Alamo Heights location in San Antonio, Texas. Plaintiff was working in the power tool department and was moving some boxes around on a lower shelf. The shelves were guarded by a heavy "door" which, when opened, swung up towards the ceiling and



Copy from re:SearchTX

"locked" in place by sitting in a groove. There was no true locking mechanism or safety latch which held the door in place as it was opened. Rather, the door would simply be placed in the open groove and was allowed to lean forward.

Defendant Home Depot knew or should have known that this method of keeping the door open was unsafe and posed the threat for serious personal injury should it come out of the groove and fall on top of someone. There were several cost-effective alternatives to this system, including having the doors swing open rather than pull upwards, or having a cable with a carabiner/latch to secure the door when it was sitting in the groove. Moreover, the employees were not properly trained to prevent danger when they were working underneath a door that was secured in this unsafe manner. In short, requiring the employees to work these shelves with an unsecured heavy metal door that would easily become dislodged and swing onto the head of an employee was an accident waiting to happen. Unfortunately, this is exactly what happened. On or about April 20, 2023, Plaintiff was leaning underneath the open door to work when the door came out of the groove and swung forcefully downward so that it struck Plaintiff's head, causing serious head, neck, and back injuries.

## VII.
## CAUSES OF ACTION- Negligence

Defendant Home Depot is a "non-subscriber," meaning it does not carry workman's compensation insurance. Thus, it has waived all defenses that Plaintiff was comparatively negligent. Defendant Home Depot had a duty to provide Plaintiff with a reasonably safe place to work, to provide proper training, to provide proper supervision of its employees, to provide proper equipment and instrumentalities to Plaintiff and her coworkers. Defendant Home Depot also had duties to properly train its employees and to supervise and discipline its employees so



Copy from re:SearchTX

that they did not create a dangerous place in which to work. Defendant Home Depot breached its duty to Plaintiff in all these respects. Specifically, Defendant Home Depot failed to provide safe equipment and instrumentalities to Plaintiff in a number of ways including failing to provide safety mechanisms to ensure the door would lock properly, failing to secure the door so that it could not fall or collapse on the workers, failing to perform safety checks on the equipment to ensure it was in working order, failing to properly train Plaintiff, failing to properly train and discipline Plaintiff's co-workers and supervisors, and by committing other negligent acts which led to the incident that forms the basis of this suit.

**VIII.**
**DAMAGES**

As a result of the incident, Plaintiff suffered a serious brain injury, along with neck and back injuries. Plaintiff is currently receiving treatment for these injuries, and thus the extent and duration of these injuries is not fully known at this time. However, we know enough to know that her injuries, specifically her brain injury, are very serious and that Plaintiff will likely have to deal with TBI symptoms for the rest of her life. In addition to her injuries, she will be unable to safely return to work until her injuries are fully healed, which has and will cause lost wages. Plaintiff's injuries have been debilitating, and have limited her ability to do normal activities of daily living. Because of her bodily injuries proximately caused by the Defendant's negligence, Plaintiff is entitled to reasonable and proper compensation for all the damages Plaintiff sustained including, but not limited to the following:

a. past and future medical expenses;

b. past and future physical pain and mental anguish;

c. past and future physical impairment;



Copy from re:SearchTX

d. past and future disfigurement;

e. past and future lost wages; and

f. past and future lost earning capacity.

**IX.**
**JURY DEMAND**

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

**X.**
**PRAYER**

Plaintiff prays that she have judgment against Defendant, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which she is entitled.

By: ______________________________

Daniel W. Packard
State Bar No. 00791392
Email: dan@packardfirm.com
1100 NW Loop 410, Suite 100
San Antonio, Texas 78213
Telephone Number: (210) 340-8877
Fax Number: (210) 340-8787
Attorney for Plaintiff



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brynne Nichols on behalf of Daniel Packard
Bar No. 791392
Brynne@packardfirm.com
Envelope ID: 86022464
Filing Code Description: Petition
Filing Description:
Status as of 3/27/2024 2:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel W.Packard | | dan@packardfirm.com | 3/27/2024 1:15:04 PM | SENT |
| Brynne Nichols | | Brynne@packardfirm.com | 3/27/2024 1:15:04 PM | SENT |
| Tayler Torres | | tayler@packardfirm.com | 3/27/2024 1:15:04 PM | SENT |

Copy from re:SearchTX